UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

MONICA N. DORMEIS,            CASE NO.: 6:17-cv-1146-ORL-41-DCI

    PLAINTIFF,

V.

SUPER TAX LLC,

    DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MONICA N. DORMEIS, (hereinafter, "the Plaintiff"), by and through her undersigned counsel and sues the Defendant, SUPER TAX LLC, (hereinafter, "Defendant"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act") and Florida Minimum Wage Act, Florida Statute 448.110 (hereinafter referred to as "FMWA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Brevard County, Florida, at is main place of business.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the the Act was engaged in commerce as defined by 29 U.S.C. 206, 207.

5. Defendant is a Florida limited liability corporation, having its main place of business in Brevard County, Florida and at all times material hereto was and is engaged in interstate commerce through filling tax returns on behalf of tax clients across state lines, accepting funds from out of state sources,

handling of materials in commerce, handling of goods in commerce, contracting with national corporations to provide refund anticipation loans to its clients and participating in a national network of similar business under the name "Super Tax".

6. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

7. The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

8. The Defendant misclassified the employee as an independent contractor not entitled to minimum wages or overtime compensation under the FLSA.

9. Under the FLSA and FMWA, the Plaintiff should be considered an employee for the following reasons:

    A. The Defendant exercised significant control of the way the Plaintiff performed her duties through instructions and specially designed systems and processes of performance,

    B. Defendant provided all of the financial, marketing and other resources for the performance of those duties,

    C. Defendant supervised the Plaintiff's performance,

    D. Defendant maintained financial control over the business,

    E. Defendant had the capacity to terminate the Plaintiff,

    F. Defendant required the Plaintiff to maintain a schedule with specific hours,

    G. Defendant precluded the Plaintiff from working another job,

    H. Defendant trained the Plaintiff and other workers in the store,

    I. Defendant audited and approved each and every piece of work or service performed by the Plaintiff,

    J. Defendant would frequently provide feedback and corrective instructions based upon the auditing and reviewing the Plaintiff performed,

K. Defendant performed daily check-ins, and

L. Defendant required Plaintiff to make reports at least once per week on the performance and duties required.

10. The Plaintiff worked 437.7 hours from January 2nd, 2017 through March 10th, 2017.

11. The Plaintiff's total compensation for 437.70 hours equaled $609.90.

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

12. Plaintiff re-alleges Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. The Federal Minimum Wage is $7.25 per hour and Plaintiff was entitled to a total of $3,173.33 in compensation.

14. Plaintiff was underpaid by $2,563.43.

15. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA for all hours worked.

WHEREFORE, Plaintiff respectfully requests:

    a. unpaid minimum wages $2563.43;

    b. liquidated damages of $2563.43;

    c. attorney's fees and costs pursuant to the FLSA;

    d. post-judgment interest;

    e. all other and further relief as this Court may deem to be just and proper.

### COUNT II: VIOLATION OF THE FMWA

16. Plaintiff re-alleges Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

17. Plaintiff provided notice of her unpaid minimum wages via a certified letter to the Defendant on April 11th, 2017.

18. The minimum wage in Florida is 8.10 per hour in 2017 and the Plaintiff was therefore entitled to at minimum $3,545.37 in total compensation.

19. The Plaintiff was underpaid by $2,935.47.

20. As a direct and proximate result of Defendant's violation of the FMWA, Plaintiff is entitled to liquidated damages pursuant to the FMWA for all hours worked.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wages;

    b. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    d. Awarding Plaintiff prejudgment and post-judgment interest;

    e. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for such willful violation; and

    f. Awarding such other and further relief as this Court may deem to be just and proper

### COUNT III: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21. Plaintiff re-alleges Paragraphs 1 through 11 of this Complaint as if fully set forth herein.
22. During Plaintiff's employment, she worked hours in excess of forty (40) per week in nine out of the ten weeks she worked for the Defendant.
23. Plaintiff worked a total of 39.95 hours of overtime on behalf of the Defendant.
24. Plaintiff is entitled to time and a half overtime compensation for her hours worked in excess of forty in a given workweek.
25. Defendant violated the overtime provisions of 29 U.S.C. § 207 by not paying the Plaintiff any overtime.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation totaling $485.39;

    c. Awarding Plaintiff liquidated damages of $485.39;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief as this Court may deem to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 17th day of June 2017

_____
FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com