# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MONICA N. DORMEIS,

        Plaintiff,

v.                               Case No:  6:17-cv-1146-Orl-41DCI

SUPER TAX LLC,

        Defendant.

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT (Doc. 16)** |
| **FILED:** | **October 30, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.    BACKGROUND.

On June 21, 2017, Plaintiff filed a complaint against Defendant alleging causes of action arising under the Florida Minimum Wage Act (the FMWA) and the minimum wage and overtime provisions of the Fair Labor Standards Act (the FLSA).  Doc. 1.   Plaintiff served Defendant on July 10, 2017.  Doc. 7.  Defendant failed to respond to Plaintiff's Complaint and the Clerk subsequently entered default against Defendant.  *See* Docs. 6, 8.  On October 30, 2017, Plaintiff moved for default judgment against Defendant (the Motion).  Doc. 16.

## II.   <u>ALLEGATIONS</u>.

In her Complaint, Plaintiff alleged the following: Defendant is a Florida limited liability corporation with its main place of business in Brevard County, Florida.  Doc. 1 at 1.  At all times material to Plaintiff's causes of action, Defendant "engaged in interstate commerce through filling tax returns on behalf of tax clients across state lines, accepting funds from out of state sources, handling of materials in commerce, handling of goods in commerce, contracting with national corporations to provide refund anticipation loans to its clients and participating in a national network of similar business under the name 'Super Tax.'"  *Id*. at 1-2.  Defendant's annual gross revenue exceeded $500,000 per annum.  *Id*. at 2.

From January 2, 2017 until March 10, 2017, Plaintiff was employed by Defendant and was engaged in commerce as defined by 29 U.S.C. §§ 206, 207.  *Id*. at 1-3.  During that time, Plaintiff worked 437.7 hours for Defendant, but was compensated only $609.90.  *Id*. at 3.  Defendant exercised significant control of the way Plaintiff performed her duties; provided all of the financial, marketing, and other resources for the performance of Plaintiff's duties; supervised Plaintiff's performance; maintained financial control over the business; had the capacity to terminate Plaintiff; required Plaintiff to maintain a schedule with specific hours; precluded Plaintiff from working another job; trained Plaintiff; audited and approved Plaintiff's work; frequently provided feedback and corrective instructions; performed daily check-ins; and required Plaintiff to make reports at least once per week on the performance and duties required.  *Id*. at 2-3.

## III.   <u>STANDARD OF REVIEW</u>.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is

made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment.  If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

679, 681 (M.D. Fla. 2008).  Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors*, 777 F.2d at 1543-44.  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

IV.   **ANALYSIS.**

A.  **Jurisdiction.**

The Court has subject matter jurisdiction over this case based on federal question jurisdiction.  28 U.S.C. § 1331.  Further, the Court has personal jurisdiction over Defendant since it is a Florida limited liability company conducting business in Florida.  Doc. 1 at 1-2.

### B.  Clerk's Default.

Plaintiff filed a return of service, in which the process server averred that she served Defendant by serving Defendant's registered agent, Gregory Danger, on July 10, 2017.  Doc. 7.  This was proper service on a limited liability company under Florida law.  Fla. Stat. § 48.062(1).  Thus, Defendant had 21 days from the date of service to respond to the Complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).   But Defendant failed to timely respond to the Complaint, and, as a result, was in default.   Therefore, the undersigned finds that the Clerk properly entered default against Defendant.  *See* Doc. 8.

### C.  FLSA Liability.

An employee engaged in interstate commerce must be paid a minimum wage and an overtime wage of one and one-half times his or her regular rate for all hours he or she works in excess of 40 hours per week.  29 U.S.C. §§ 206(a)(1), 207(a)(1).  If an employee is not paid the statutory wage, the FLSA creates a private cause of action for that employee against his or her employer for the recovery of unpaid minimum wages and overtime wages, and an equal amount of liquidated damages if the failure to pay minimum wages and overtime wages is not found to have been in good faith.  *Id*. at §§ 216(b), 260.  To establish a prima facie case of liability for unpaid minimum wages and unpaid overtime compensation, "[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the [FLSA]."  *See Sec'y of Labor v. Labbe*, 319 F. App'x. 761, 763 (11th Cir. 2008).  To establish that a plaintiff is a covered employee, the plaintiff must demonstrate the following: 1) that defendant employed him or her; and 2) that either (a) he or she was engaged in interstate commerce, or (b) defendant is an enterprise engaged in interstate commerce.  *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298

(11th Cir. 2011); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

### 1. Employment.

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id*. at § 203(d).

Plaintiff alleges that she was employed by Defendant from January 2, 2017 through March 10, 2017. Doc. 1 at 1-3. Plaintiff further alleges that she should be considered an employee because Defendant exercised significant control over the way Plaintiff performed her duties; provided all of the financial, marketing, and other resources for the performance of Plaintiff's duties; supervised Plaintiff's performance; maintained financial control over the business; had the capacity to terminate Plaintiff; required Plaintiff to maintain a schedule with specific hours; precluded Plaintiff from working another job; trained Plaintiff; audited and approved Plaintiff's work; frequently provided feedback and corrective instructions; performed daily check-ins; and required Plaintiff to make reports at least once per week on the performance and duties required. *Id*. at 2-3. Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated that she was employed by Defendant. *See Villarreal*, 113 F.3d at 205 (listing factors to be considered when determining whether a plaintiff was an "employee" pursuant to the FLSA).

## 2.  Coverage.

In order to be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA.  *Josendis*, 662 F.3d at 1298.  An employee may establish coverage by demonstrating: 1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage).  *Id*. at 1298-99; *see also* 29 U.S.C. §§ 206(a), 207(a)(1).

Plaintiff alleges that Defendant was an enterprise covered by the FLSA throughout the relevant period.  Docs. 1 at 1-2; 16 at 5.  An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A).  A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually."  *De Lotta v. Dezenzo's Italian Rest., Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)).[2]

Plaintiff alleges that Defendant employed multiple workers.  Doc. 1 at 2.  Plaintiff also alleges that at all relevant times Defendant "engaged in interstate commerce through filling tax

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

returns on behalf of tax clients across state lines, accepting funds from out of state sources, handling of materials in commerce, handling of goods in commerce, contracting with national corporations to provide refund anticipation loans to its clients and participating in a national network of similar business under the name 'Super Tax.'"  Doc. 1 at 1-2.  Plaintiff further alleges that at all relevant times Defendant's annual gross revenue exceeded $500,000 per annum.  *Id.* at 2.  Accepting these allegations as true, the undersigned finds that Plaintiff has sufficiently demonstrated enterprise coverage.  *See Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) ("This Court has previously held that a complaint alleging that defendants' employees 'regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce,' and that defendant 'was an enterprise engaged in commerce ... as defined by the FLSA,' was sufficient under the pleading standards of Rule 8(a)").

### 3.  Hours of Work per Week.

Plaintiff alleges that she worked a total of 437.7 hours for Defendant from January 2, 2017 through March 10, 2017, but that she was only compensated $609.90 for her time.  Doc. 1 at 3. Plaintiff further alleges that she worked in excess of 40 hours per week in nine out of the ten weeks that she worked for Defendant.  *Id.* at 4.  Specifically, Plaintiff alleges that she worked a total of 39.95 hours of unpaid overtime on behalf of Defendant.  *Id.*  Accepting these allegations as true, the undersigned finds that Defendant failed to pay Plaintiff the federal minimum wage[3] and failed to pay Plaintiff overtime.

---

[3] In 2017, the federal minimum wage was $7.25 per hour.  *See* 29 U.S.C. § 206(a)(1)(C).

In light of the foregoing, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant violated the FLSA's minimum wage and overtime provision, 29 U.S.C. §§ 206(a)(1), 207(a)(1).

**D. FMWA Liability.**

To prevail on a claim for unpaid minimum wages under the FMWA, a plaintiff must establish the same three elements required under the FLSA:

> that the plaintiff was employed by an employer covered by the FLSA during the time period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.

*Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009).  Further, the FMWA provides as follows:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to [the FMWA], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action.  The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. 448.110(6)(a).

Here, Plaintiff pled that she provided notice of her unpaid minimum wages via a certified letter to Defendant on April 11, 2017.  Doc. 1 at 3.  And for the reasons previously discussed, the undersigned finds that Plaintiff established the necessary elements to prevail on a claim for unpaid minimum wages under the FLSA, and, thus, also under the FMWA.  Accordingly, the undersigned finds that Plaintiff has sufficiently demonstrated that Defendant violated the FWMA's minimum wage provision.

**E.  Damages.**

An employer that violates the minimum wage or overtime provisions of the FLSA shall be liable to the employee affected in the amount of the employee's unpaid minimum wages and unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. § 216(b).  Likewise, an employer that violates the minimum wage provision of the FMWA shall be liable to the employee affected for the full amount of the employee's unpaid back wages, plus an equal amount in liquidated damages.  Fla. Stat. 448.110(c)(1)

In an FLSA case, the plaintiff bears the burden of proving, "with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980) *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988).  A plaintiff may establish his or her damages by affidavit.  *See Adolph Coors*, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (internal quotations omitted)).   Additionally, "employees who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith." *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1566-67 (11th Cir. 1991)).

When an employer fails to appear and provide time records, and the employee proves he or she performed work for which he or she was not properly compensated, the burden shifts to the employer to prove its claim or disprove the employee's, and, upon failing to do so, the court can award damages to the employee even if the result is only approximate.  *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (citing *Anderson v. Mt. Clemens*

*Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see also Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 828 (11th Cir. 1988).  Here, Plaintiff has proven that she performed work for which she was not properly compensated, and Defendant, by failing to appear, has failed to disprove Plaintiff's claims.  As such, the Court may award damages to Plaintiff for the work she performed during her employment with Defendant, even if those damages are approximate.

Plaintiff provided an affidavit in support of her request for damages.  Doc. 16-3.  Therein, Plaintiff avers that in 2017, she worked for Defendant for a total of 437.7 hours.  *Id*. at 1.  Plaintiff further avers that 39.95 of those hours were overtime.  *Id*.  Plaintiff avers that she was paid only $609.90 as compensation for her time worked.  *Id*. at 2.  Plaintiff asks the Court to award her $3,097.27 in unpaid minimum wages and overtime.[4]  *Id*. at 10.

In 2017, Florida's minimum wage was $8.10.[5]  As such, Plaintiff should have been paid $3,545.37[6] as compensation for 437.7 hours of work.  Plaintiff should also have been paid an additional $161.80[7] as compensation for 39.95 hours of overtime, for a total of $3,707.17.[8]  Thus, Plaintiff's total unpaid minimum and overtime wages for the time she worked for Defendant is $3,097.27.[9]

_____

[4] Plaintiff asks the Court to use the FWMA to calculate her unpaid minimum wages since Florida's minimum wage in 2017 was greater than the federal minimum wage in 2017.  Doc. 16 at 10.

[5] FLORIDA MINIMUM WAGE HISTORY 2000 TO 2017, http://www.floridajobs.org/docs/default-source/2017-minimum-wage/florida-minimum-wage-history-2000-2017.pdf?sfvrsn=2, (last visited Mar. 1, 2018)

[6] ($8.10/hour) x (437.7 hours) = $3,545.37

[7] ($4.05/hour) x (39.95 hours) = $161.80

[8] $3,545.37 + $161.80 = $3,707.17

[9] $3,707.17 - $609.90 = $3,097.27

Plaintiff also seeks an award of liquidated damages.  Docs. 1 at 3-4; 16 at 10-11.  Defendant has not appeared, and, thus, has not presented any evidence of a good faith failure to pay Plaintiff minimum and overtime wages.  As a result, the undersigned finds that Plaintiff is entitled to an award of liquidated damages.  *Ojeda-Sanchez*, 499 F. App'x at 902.

In light of the foregoing, the undersigned finds that Plaintiff is entitled to recover a total of $3,097.27 in unpaid minimum and overtime wages and an equal amount of liquidated damages, resulting in a total of $6,194.54[10] in damages under Plaintiff's claim for unpaid minimum and overtime wages.

### F.  Costs.

Plaintiff seeks to recover $450.00 in costs, which represents $400.00 for the filing fee, and $50.00 for serving process, and which is supported by a signed affidavit.  Docs. 16 at 13-14; 16-2 at 2.  The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow . . . costs of the action."[11]  29 U.S.C. § 216(b).  In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920.  *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A § 1920.").  A court, however, may not tax costs "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).  The requested filing fee and the fee for service of process are

---

[10] $3,097.27 + $3,097.27 = $6,194.54

[11] The FMWA also provides that a successful plaintiff shall recover costs.  *See* Fla. Stat. 448.110(c)(1).

recoverable pursuant to 28 U.S.C. § 1920(1), *Pelc v. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015), and are reasonable.  Thus, the undersigned finds that Plaintiff is entitled to recover a total of $450.00 in costs.

### G. Attorney Fees.

Plaintiff seeks to recover $6,937.50 in attorney fees.  Doc. 16 at 11-12, 14.  But Plaintiff failed to provide the Court with any detailed billing records.[12]  As such, Plaintiff failed to carry her burden of establishing her entitlement to an award of attorney fees.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").  Accordingly, the undersigned finds that Plaintiff is not entitled to an award of attorney fees at this time.

## V.   CONCLUSION.

Accordingly, is it **RECOMMENDED** that:

1.  The Motion (Doc. 16) be **GRANTED in part** to the extent that default judgment be entered in favor of Plaintiff and against Defendant in the total amount of $6,644.54;[13]

2.  Plaintiff be granted leave until on or before the 30th day after the date the Court rules on this Recommendation to file a motion for attorney fees;

3.  The Motion (Doc. 16) be **DENIED** in all other respects; and

4.  The Clerk be **DIRECTED** to close the case.

---

[12] It appears that Plaintiff intended to attach her attorney's detailed billing records, but failed to do so.  *See* Docs. 16 at 12 (referencing the billing records attached to Exhibit C); 16-2 at 2 (stating that contemporaneous time records of the hours Plaintiff's attorney spent litigating this case were attached as Exhibit A).

[13] This figure is calculated as follows: $3,097.27 (unpaid minimum and overtime wages) + $3,097.27 (liquidated damages) + $450.00 (costs) = $6,644.54.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 2, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy