# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MONICA N. DORMEIS,**

        **Plaintiff,**

**v.**                                                            Case No:  6:17-cv-1146-Orl-41DCI

**SUPER TAX LLC,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES (Doc. 19)**
>
> **FILED:**      **March 29, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### Procedural Background

On June 21, 2017, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA).  Doc. 1.  Plaintiff served Defendant with the Complaint, but Defendant did not respond.  *See* Docs. 6; 7; 8.

On August 24, 2017, Plaintiff moved for the entry of Clerk's default against Defendant.  Doc. 6.  The Clerk subsequently entered default against Defendant.  Doc. 8.

On October 30, 2017, Plaintiff moved for default judgment and attorney fees against Defendant.  Doc. 15.  The undersigned recommended that the Court grant Plaintiff's motion to the

extent it sought default judgment against Defendant, but not to the extent it sought attorney fees. Doc. 18.  The Court adopted the undersigned's recommendation.  Doc. 20.

On March 29, 2018, Plaintiff filed a Motion for Attorney Fees (the Motion).  Doc. 19. Plaintiff argued that she was entitled to attorney fees pursuant to the FLSA, and asked the Court to award her a total of $6,937.50 in attorney fees.  *Id*.  Plaintiff attached an affidavit executed by her attorney and her attorney's billing records in support.  Docs. 19-1; 19-2.  To date, Defendant has not objected to Plaintiff's request.

### Discussion

#### a. Entitlement to Attorney Fees

29 U.S.C. § 216(b) provides, in part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . .

Here, Plaintiff prevailed against Defendant under 29 U.S.C. §§ 206 and 207.  *See* Docs. 18; 20. And Defendant did not object to Plaintiff's alleged entitlement to attorney fees and costs. Accordingly, the undersigned finds that Plaintiff is entitled to attorney fees and costs against Defendant.

#### b. The Calculation of a Reasonable Attorney Fee

The Court uses the familiar "lodestar" method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id.*

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S.

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

at 434.  In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."  *Norman*, 836 F.2d at 1303.  Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).  A fee opponent's failure to explain with specificity the particular hours viewed as "unnecessary or duplicative" is generally fatal.  *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)).  "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary."  *Barnes*, 168 F.3d at 428 (quotations omitted).  But in cases where the fee motion and supporting documents are voluminous, an hour-by-hour analysis by the court is not required, and the court may apply across-the-board percentage cuts in the number of hours so long as the court provides a concise but clear explanation of its reasons for the reduction.  *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  There is a strong presumption that the lodestar figure is reasonable.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

    i.   *Reasonable Hourly Rates*

Plaintiff seeks a rate of $250 per hour for attorney work.  Doc. 19.  Plaintiff attached to the Motion an affidavit in which her attorney, Frank M. Malatesta, Esq., averred that he has been a practicing attorney since July 2012, that he established the Malatesta Law Office in 2015, that the majority of his practice since 2015 has been concentrated in labor and employment law, that he has prosecuted and defended numerous employment and labor law cases in the Middle District of

Florida, and that $250.00 per hour for lead counsel is both conservative and reasonable. Doc. 19-2. Plaintiff provided no further argument or authority to suggest that $250.00 per hour is a reasonable rate in an FLSA case. Doc. 19.

As the undersigned previously noted, the affidavit of the attorney performing the work is generally not sufficient to carry the applicant's burden of establishing that the requested rate is in line with the prevailing market rates. *Norman*, 836 F.2d at 1299 (citations omitted). Here, Plaintiff's failure to provide any supporting argument or authority aside from Mr. Malatesta's conclusory affidavit frustrates the undersigned's ability to analyze Plaintiff's requested hourly rate. However, the undersigned notes that courts in this District have awarded significantly less than $250.00 per hour in FLSA cases for attorneys with similar experience. *See Lewis v. Fla. Default Law Group, P.L.*, No. 8:10-cv-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (awarding $200 per hour to an attorney with less than four years of experience); *Comprehensive Care Corp. v. Katzman*, No. 8:09-CV-01375-T-24, 2011 WL 2938268, at *3 (M.D. Fla. July 21, 2011) (awarding $200 per hour to attorneys with between four and nine years of experience), rev'd and remanded on other grounds, 509 F. App'x 857 (11th Cir. 2013); *Nipper v. Lakeland Hotel Inv'rs. Ltd.*, No. 8:10-cv-498-T-33EAJ, 2010 WL 4941718, at *6 (M.D. Fla. Nov. 30, 2010) (awarding $145 per hour to an attorney with five years of experience). Absent any argument from Plaintiff, the undersigned finds no reason to deviate significantly from what other courts have awarded in the past. Accordingly, the undersigned finds, based upon the undersigned's knowledge and experience and a review of the foregoing case law, that $200.00 per hour is a reasonable rate in this case.

   *ii.*  *Reasonable Number of Hours Billed*

In the Motion, Plaintiff seeks recovery for a total of 27.75 hours of attorney work. Docs. 19; 19-1; 19-2. Plaintiff argued, in conclusory fashion, that the number of hours expended was reasonable. Doc. 19 at 2-3. The undersigned disagrees.

On June 12, 2017, Mr. Malatesta billed Plaintiff 3.95 hours to "[p]repare Complaint first draft." Doc. 19-1. On June 16, 2017, Mr. Malatesta billed Plaintiff 3.25 hours for the following: "Review of Complaint with the Client and corrections made to the Complaint. Summons, cover sheet, check, and finalizing the Complaint." *Id*. The Complaint in this case is only five pages and appears to be largely boilerplate with few detailed allegations. *See* Doc. 1. Further, it is not clear to the undersigned what Mr. Malatesta was referring to when he billed Plaintiff for "[s]ummons, cover sheet." These tasks appear to be clerical in nature. *See Nipper*, 2010 WL 4941718, at *3 (noting that the "FLSA's fee shifting provision does not include clerical tasks"). Thus, the undersigned finds that the forgoing entries should be reduced by a total of 2.5 hours.

On June 26, 2017, Mr. Malatesta billed Plaintiff 1.76 hours for the following: "Review of documents filed and communication to the client. Sending out the Summons for service." Doc. 19-1. The undersigned cannot determine what Mr. Malatesta was referring to when he billed Plaintiff for "[r]eview of documents filed." Mr. Malatesta's failure to maintain more specific records frustrates the undersigned ability to review this particular billing entry. *See Norman*, 836 F.2d at 1303 (providing that "the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."). Further, sending a summons for service is a clerical task. Thus, the undersigned finds that the foregoing entries should be reduced by a total of 0.76 hours.

On July 24, 2017, Mr. Malatesta billed Plaintiff 1.33 hours for the preparation of a motion for entry of Clerk's default against Defendant. Doc. 19-1. The motion was effectively one page long[2] and was largely boilerplate. Doc. 6. Based upon the content and length of the motion, the undersigned finds that 1.33 hours is excessive. Thus, the undersigned finds that the foregoing entry should be reduced by 1 hour.

On August 25, 2017, Mr. Malatesta billed Plaintiff 0.5 hours for the following: "Call to the clerk's office RE: Error in filling the ROS. Refiled correctly." Doc. 19-1. Calling the clerk's office regarding a filing error and refiling the document are clerical tasks. Thus, the undersigned finds that the foregoing entry should be eliminated.

Finally, on October 30, 2017, Mr. Malatesta billed Plaintiff 1.25 hours for the following: "Received affidavit back from client. Filed motion for default judgment." Doc. 19-1. Filing a motion is a clerical task. And the undersigned finds that billing 1.25 hours to receive an affidavit from a client is excessive.[3] Thus, the undersigned finds that the foregoing entry should be reduced by 1 hour.

Given the lack of opposition, the undersigned finds that Mr. Malatesta's other billing entries are reasonable. Accordingly, the undersigned finds that Plaintiff's request for 27.5 billable hours should be reduced by a total of 5.76 hours to 21.99 hours.

---

[2] The second page contained only a one sentence wherefore clause, the signature block, and the certificate of service. Doc. 6 at 2.

[3] The undersigned notes that Mr. Malatesta's billing entry does not suggest that he conferenced with Plaintiff.


**Conclusion**

Accordingly, for all of the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 19) be **GRANTED in part**, in that Plaintiff should be awarded **$4,398.00 in attorney fees**,[4] and should be **DENIED in all other respects**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 17, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] 21.99 hours x $200.00/hour = $4,398.00